UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case Number 5:11-CV-00543-F

| | |
|---|---|
| **CARRINGTON MORTGAGE,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| **JAMES VECCHIONE** | ) |
| **Defendant.** | ) |

**PETITIONER'S MOTION TO REMAND TO STATE COURT**

The Petitioner, Wells Fargo Bank, N.A. as Trustee for Carrington Mortgage Loan Trust, Series 2006-RFC1, Asset-Backed Pass Through Certificates (herein "Wells Fargo" or "Petitioner")[1], by and through the undersigned counsel pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1447(c), 28 U.S.C. § 1446(b) and 28 U.S.C. § 1331 hereby moves to remand this matter to state court. In support of this motion Wells Fargo shows unto this Court as follows:

---

[1] Carrington Mortgage is not the correct party in this action. Wells Fargo Bank, N.A. as Trustee for Carrington Mortgage Loan Trust, Series 2006-RFC1, Asset-Backed Pass Through Certificates is the Petitioner and the actual party to this action. Neither Wells Fargo nor Carrington Mortgage are Plaintiffs in this matter. It appears that the clerk created the caption from a worksheet that Mr. Vecchione filled out. We had to use this incorrect caption in order to file documents.

The caption from the Petition for Removal of Action is "James Vecchione v. Chuck Houston-VP Carrington Mortgage." That caption is incorrect as well.

The caption from the foreclosure action (and the correct caption for this matter) is: **"In Re: Foreclosure of Real Property Under Deed of Trust from James H. Vecchione and wife, Ana E. Amdor-Rizo, in the Original Amount of $152,000.00, payable to Homecomings Financial Network, Inc. Dated February 17, 2006 and Recorded on March 1, 2006 in Book 5130 at Page 308, Durham County Registry."**

1

1. This is the latest in a multitude of attempts by James Vecchione (herein "Vecchione") to litigate in the United States District Court for the Eastern District of North Carolina. In fact, this is at least the second state court foreclosure action filed in Durham County, North Carolina that he has attempted to remove to this Court.

2. In file number 5:09-cv-00202-BO, Vecchione attempted to remove a Durham County foreclosure proceeding to this Court. In that proceeding, United States Magistrate Judge David W. Daniel entered an Order & Memorandum and Recommendation that recommended the complaint be dismissed for lack of venue. Judge Terrence W. Boyle adopted the recommendations of Judge Daniel and dismissed the matter for lack of venue.

3. Similarly, the Plaintiff has once again attempted to remove a Durham County Foreclosure Action to the Eastern District which is not the proper venue pursuant to 28 U.S.C. § 1441. The proper venue would have been the United States District Court for the Middle District of North Carolina.

4. This matter should be remanded for substantive issues as well.

5. This action is a foreclosure action pursuant to N.C.G.S. § 45-21.16. The only issues presented to the Court in this proceeding are the five limited state law issues specifically stated in N.C.G.S. § 45-21.16.

6. The foreclosure action began by filing a Notice of Hearing that set the foreclosure hearing date for April 20, 2011. A true and accurate copy of this Notice of Hearing is attached and incorporated herein as **Exhibit "A"**.

7. The April 20, 2011 hearing was continued to May 24, 2011.

8. The Respondents were properly served with the Notice of Hearing and the Order continuing the hearing to May 24, 2011. A true and accurate copy of the "Affidavit of Service" is attached and incorporated herein as **Exhibit "B"**.

9. On May 24, 2011 the Assistant Clerk of Court for Durham County, North Carolina conducted a foreclosure hearing and entered an Order allowing the foreclosure to proceed. A true and accurate copy of the Clerk's Order to Allow Foreclosure Sale is attached and incorporated hereto as **Exhibit "C".**

10. The Respondents did not appeal that Order.

11. Vecchione filed a Motion to Set Aside Unlawful Foreclosure Sale & Vacate Judgment.

12. The State Court denied that Motion via Order dated August 11, 2011. A true and accurate copy of the Order entered by the Durham County Superior Court Judge that denied Vecchione's Motion to Set Aside Unlawful Foreclosure Sale & Vacate Judgment is attached an incorporated hereto as **Exhibit "D"**.

13. On June 21, 2011 the substitute trustee conducted a foreclosure sale for the subject property.  At that sale Wells Fargo Bank, N.A. as Trustee for Carrington Mortgage Loan Trust, Series 2006-RFC1, Asset-Backed Pass Through Certificates was the high bidder.

14. There were no upset bids and the substitute trustee conveyed the property to Wells Fargo Bank, N.A. as Trustee for Carrington Mortgage Loan Trust, Series 2006-RFC1, Asset-Backed Pass Through Certificates via Substitute Trustee's Deed recorded on July 12, 2011 in Book 6757 Page 651 of the Durham County Register of Deeds.  A true and accurate copy of the Substitute Trustee's Deed is attached and incorporated herein as **Exhibit "E"**.

15. The rights of the parties are now fixed pursuant to North Carolina law.

16. Vecchione filed bankruptcy on September 13, 2011 in the United States Bankruptcy Court for the Eastern District of North Carolina given case number 11-06988-8-JRL.

17. That case was dismissed by Order entered on October 6, 2011.  A true and accurate copy of the Order dismissing Vecchione's latest bankruptcy case is attached and incorporated herein as **Exhibit "F"**.

18. On October 5, 2011, Vecchione filed a "Petition for Removal of Action" (Docket Entry 1) of the case captioned 11 SP 481 in the Durham County, North Carolina Court System.

19. In addition to being filed in the incorrect District, The Notice of Removal is improper for a myriad of reasons.

20. First, the Notice of Removal is untimely. It was not filed within 30 days of receipt of the initial pleading as required by 28 U.S.C. § 1446(b). The initial pleading was served on Mr. Vecchione

21. Second, there is no subject matter jurisdiction for removal of this foreclosure action under 28 U.S.C § 1331, N.C.G.S. § 45-21.16 or any other applicable law. This proceeding presents five limited state law issues, none of which are federal questions.

22. Pursuant to 28 U.S.C. § 1447(c) the Court in its discretion may award to the Petitioner just costs and actual expenses, including attorneys fees.

23. The awarding of just costs and actual expenses is appropriate in this matter as Vecchione had no basis for the filing of the Notice of Removal. Further this is especially appropriate given Vecchione's filing history. This filing is the latest in a long line of improper filings by Mr. Vecchione. This document was filed to delay the state foreclosure proceedings, harass the Petitioner and current owner of the

subject property, and increase expenses involved in this foreclosure. Sanctions are appropriate in this instance.

24. This Motion is supported by a Memorandum in support filed concurrently.

WHEREFORE, Wells Fargo prays for the following relief:

1. That this Court remand this action to Durham County, North Carolina Civil Superior Court.

2. That this Court award Petitioner its just costs and actual expenses including attorneys' fees incurred as a result of this removal.

This the 3rd day of November, 2011.

THE LAW OFFICE OF JOHN T. BENJAMIN, JR., P.A.

*/s/ John T. Benjamin, Jr.*
John T. Benjamin, Jr.
N.C. State Bar No.: 18673
Benjamin@lawjtb.com


*/s/ James R. White*
James R. White
N.C. State Bar No.: 29508
White@lawjtb.com
*Attorneys for Petitioner*
1115 Hillsborough Street
Raleigh, NC 27603
v(919)755-0060
f(919)755-0069

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case Number 5:11-CV-00543-F

**CARRINGTON MORTGAGE,**    )
      **Plaintiff,**    )
**v.**    )
**JAMES VECCHIONE**    )
      **Defendant.**    )


## CERTIFICATE OF SERVICE

    I, James R. White, of The Law Office of John T. Benjamin, Jr., P.A., attorney for Wells Fargo Bank, N.A. as Trustee for Carrington Mortgage Loan Trust, Series 2006-RFC1, Asset-Backed Pass Through Certificates, do hereby certify that I have this day filed the Petitioner's Motion to Remand to State Court with the Clerk via the CM/ECF System and served it upon the other parties to this action by depositing the same into the care and custody of the United States Mail, first class postage prepaid, addressed as follows:

        James H. Vecchione
        2207 Edwin Avenue
        Durham, NC  27705

        Ana Amdor-Rizo
        2207 Edwin Avenue
        Durham, NC  27705

        James H. Vecchione
        34 Fox Hollow Road
        Montague, NJ  07827

        Ana Amdor-Rizo
        34 Fox Hollow Road
        Montague, NJ  07827
        James H. Vecchione
        2 Winterfield Place
        Durham, NC  27705

        Ana Amdor-Rizo
        2 Winterield Place
        Durham, NC  27705

7
Case 5:11-cv-00543-BR   Document 6   Filed 11/03/11   Page 7 of 8

James H. Vecchione
PO Box 2725
Durham, NC 27715

Ana Amdor-Rizo
PO Box 2725
Durham, NC 27715

Vicente Garcia Aguilar
2207 Edwin Avenue
Durham, NC 27705

Maria L. Zavala Rico
2207 Edwin Avenue
Durham, NC 27705

Philip A. Glass, Substitute Trustee
Nodell, Glass & Haskell, LLP
5540 Centerview Drive, Suite 416
Raleigh, NC 27606

This the 3rd day of November, 2011.

    THE LAW OFFICE OF JOHN T. BENJAMIN, JR., P.A.

        */s/ James R. White*
        James R. White
        N.C. State Bar No.: 29508
        *Attorney for Wells Fargo Bank, N.A.*
        1115 Hillsborough Street
        Raleigh, NC 27603
        (919) 755-0060
        (919) 755-0069 (facsimile)
        white@lawjtb.com