IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CV-543-BR

| | | |
|---|---|---|
| CARRINGTON MORTGAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER and** |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| JAMES VECCHIONE, | ) | |
| | ) | |
| Defendant. | ) | |

This pro se case is before the court on the application (D.E. 1-5) by the named defendant James Vecchione ("Vecchione") to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). Also before the court is the motion to remand (D.E. 6), pursuant to 28 U.S.C. § 1447(c), by the trustee of the named plaintiff, Wells Fargo Bank, N.A. as Trustee for Carrington Mortgage Loan Trust ("Wells Fargo"), which includes a request for costs and expenses. The motion is supported by a memorandum (D.E. 7) and exhibits (D.E. 6-1 to 6-7). Vecchione did not file a response to the motion. The application to proceed *in forma pauperis* was referred to the undersigned Magistrate Judge for determination, pursuant to 28 U.S.C. § 636(b)(1)(A) (s*ee* 2nd D.E. dated 7 Oct. 2012), and the frivolity review and motion for remand were referred for a memorandum and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) (s*ee* 2nd D.E. dated 7 Oct. 2012 and D.E. dated 19 July 2012).

**ORDER ON APPLICATION TO PROCEED IN FORMA PAUPERIS**

The court finds that Vecchione has demonstrated appropriate evidence of inability to pay the required court costs. The application to proceed *in forma pauperis* is therefore ALLOWED.

# MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW AND WELLS FARGO'S MOTION FOR REMAND

Notwithstanding this ruling, based on the court's frivolity review, it will be recommended that this case be remanded to the Superior Court of Durham County. It will be further recommended that the motion to remand be denied as moot with respect to the request for remand and be denied on the merits with respect to the request for costs and expenses.

## BACKGROUND

On 5 October 2011, Vecchione filed in this court and served on Wells Fargo a "Petition for Removal of Action" (D.E. 1-1) ("removal notice"), purporting to remove to this court, pursuant to 28 U.S.C. § 1452, a foreclosure action then pending in the Superior Court of Durham County, North Carolina.[1] He also filed and served on Wells Fargo a separate notice of the removal (D.E. 1-3). Wells Fargo filed its motion to remand the case to Durham County Superior Court on 3 November 2011.

## DISCUSSION

**I.     Frivolity Review of Attempted Removal**

   **A.     Applicable Legal Principles**

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The court must determine

---

[1] The nature of the removed action as one for foreclosure from the Superior Court of Durham County is evident from, among other portions of the record: the inclusion in the caption of the removal notice the notation "FROM DURHAM NO. 11SP481" and the statement in that document that Vecchione was petitioning for removal from Durham County (Removal Notice 1); documents relating to case no. 11 SP 481 in Durham County Superior Court appended to Wells Fargo's motion (*see* D.E. 6-1 to 6-6); and the explanation of the nature of that case and proceedings relating to it set forth in Wells Fargo's motion and the supporting memorandum (Wells Fargo's Mot. ¶¶ 5-15; Wells Fargo's Mem. 1-3).

The caption for the foreclosure action is: In Re: Foreclosure of Real Property Under Deed of Trust from James H. Vecchione and wife, Ana E. Amdor-Rizo, in the Original Amount of $152,000.00, payable to Homecomings Financial Network, Inc. Dated February 17, 2006 and Recorded on March 1, 2006 in Book 5130 at Page 308, Durham County Registry. (*See* D.E. 6-5 at 1). In that proceeding, Wells Fargo is the petitioner and James Vecchione the respondent. That caption should have been used by Vecchione in the removed proceeding in this court.

whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness). Irrespective of this requirement, a case that was improperly removed is subject to remand to the state court from which it came. *See* 28 U.S.C. § 1447(c). The court has the power to remand a case on its own motion when it is apparent that the case was improperly removed. *See, e.g., Deluca v. Mass. Mut. Life Ins. Co.,* No. 105CV00632OWWDLB, 2005 WL 1562033, at *3 (E.D. Cal. 28 June 2005); *S. & H. Grossinger, Inc. v. Hotel and Rest. Employees and Bartenders Int'l Union AFL-CIO, Local 343*, 272 F. Supp. 25, 27 (S.D.N.Y. 1967).

**B.     Analysis**

This case is the third attempt by Vecchione to remove an action from Durham County Superior Court to this court.[2] *See Vecchione v. US Bank Nat'l Ass'n*, No. 5:09-CV-13-FL (E.D.N.C.) (removal notice filed 12 Jan. 2009); *Vecchione v. US Bank Nat'l Ass'n*, No. 5:09-CV-202-BO (E.D.N.C.) (removal notice filed 21 May 2009). Each of the prior two attempts, like the instant one, pertained to a state foreclosure proceeding.[3] The court allowed Vecchione to proceed *in forma pauperis* in both the prior cases and then, based on its frivolity review, dismissed one (No. 5:09-CV-202-BO) and remanded the other (No. 5:09-CV-13-FL). In both cases, the court concluded that removal was improper, in whole or in part, because removal was

---

[2] Vecchione also filed a complaint in this court relating to the same matter as the two prior removal attempts, which was dismissed following a frivolity review. *See* 21 Apr. 2009 Order (D.E. 7), *Vecchione v. US Bank Nat'l Ass'n et al.*, No. 5:09-CV-59-FL (E.D.N.C.).

[3] Vecchione's prior actions pertain to a foreclosure action different from the foreclosure action at issue in the instant case. *Compare* D.E. 1-2 in the instant case (referencing property at 2207 Edwin Avenue, Durham, N.C.) *with* D.E. 1-4 in No. 5:09-CV-13-FL and D.E. 1-4 in No. 5:09-CV-202-BO (each referencing property at 2 Winterfield Place, Durham, N.C.).

3

to the wrong court. *See* 12 Feb. 2009 Order (D.E. 6) 1, No. 5:09-CV-13-FL; 3 Nov. 2009 Order (D.E. 4), No. 5:09-CV-202-BO.

The court reaches the same conclusion with respect to the instant removal attempt by Vecchione. The statute under which Vecchione attempted to remove this case, 28 U.S.C. § 1452, provides for removal of claims related to bankruptcy cases. Specifically, it states, in relevant part, that a party may remove any claim or cause of action "*to the district court for the district where such civil action is pending*, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title," which confers exclusive original jurisdiction in bankruptcy cases on the district courts. 28 U.S.C. § 1452(a) (emphasis added); *see also* Bankr. Rule 9027(a)(1) ("A notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending."). This action was pending in Durham County, which lies, not in this district, but the Middle District of North Carolina. *See* 28 U.S.C. § 113(b) (listing Durham County as one of the counties in the Middle District). Therefore, assuming this case came within the scope of 28 U.S.C. § 1452, it was removable to the Bankruptcy Court for the Middle District, not this court, which serves the *Eastern* District of North Carolina.

It is immaterial that at the time of the attempted removal there was pending in the bankruptcy court in this district a proceeding by Vecchione, *In Re: James Vecchione*, No. 11-06988-8-JRL (Bankr. E.D.N.C.).[4] (*See* Wells Fargo's Mot. ¶¶ 16, 17). If he had sought to bring the instant action into the then-pending bankruptcy case, again assuming it was removable at all under 28 U.S.C. § 1452, the proper procedure would have been to remove it to the Bankruptcy

---

[4] The bankruptcy case was commenced on 13 September 2011 and dismissed on 6 October 2011, a day after his attempted removal of the instant action, for failure by Vecchione to obtain pre-petition credit counseling, a jurisdictional prerequisite under 11 U.S.C. § 109(h). (*See* Wells Fargo's Mot. ¶¶ 16, 17 & D.E. 6-7 (copy of dismissal order)).

Court for the Middle District, as directed by the statute, and then move to transfer it to the bankruptcy court in this district. *See In re Trafficwatch*, 138 B.R. 841, 843 (Bankr. E.D. Tex. 1992) (holding that after a state court proceeding has been removed to the district court under 28 U.S.C. § 1452, "[a] motion to transfer venue to the district in which the bankruptcy case is pending then may be filed"). Notably, Vecchione had previously, on 23 July 2010, commenced a proceeding in the bankruptcy court for this district, which was dismissed pursuant to 28 U.S.C. § 1408(1),[5] on 9 September 2010, on the grounds that this district lacked jurisdiction because Vecchione was domiciled in Durham County and the residence he was seeking to protect was located there. *See* 9 Sept. 2010 Order, *In Re: Vecchione*, No. 10-05863-8-JRL (Bankr. E.D.N.C.)).

Vecchione would have fared no better had he attempted removal under the general removal statute, 28 U.S.C. § 1441(a). It provides for removal solely "to the district court of the United States for the district and division *embracing the place where such action is pending*." 28 U.S.C. § 1441(a) (emphasis added). Thus, this case could properly have been removed under 28 U.S.C. § 1441(a), if at all, only to the District Court for the Middle District of North Carolina and not to this court.

The court concludes that this case was not properly removed. It should accordingly be remanded to Superior Court of Durham County.[6]

---

[5] This statute provides, in pertinent part:

> [A] case under title 11 may be commenced in the district court for the district . . . in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement . . . .

28 U.S.C. § 1408(1).

[6] In light of this disposition, the court need not address other potential deficiencies in the attempted removal and declines to do so.

**II.     Wells Fargo's Motion to Remand**

   **A.     Request for Remand**

Because the court has determined through its frivolity review that this action must be remanded, Wells Fargo's request for remand is moot. It will therefore be recommended that this portion of Wells Fargo's motion to remand be denied as moot.

   **B.     Request for Costs and Expenses**

As indicated, Wells Fargo seeks an award of costs and expenses it has incurred due to Vecchione's improper removal. Pursuant to 28 U.S.C. § 1447(c), an order remanding a case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." *See* 28 U.S.C. § 1447(c). Costs and expenses may be awarded under 28 U.S.C. § 1447(c) for bankruptcy removals under 28 U.S.C. § 1452. *See Pluskat v. Cupit*, 158 Fed. Appx. 626, 626-27 (5th Cir. 2005) (citing *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 129 (1995) (holding that "there is no express indication in § 1452 that Congress intended that statute to be the exclusive provision governing removals and remands in bankruptcy")); *see also Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 324 (10th Cir. 1994) (holding that "the provisions of 28 U.S.C. § 1447(c) apply to cases removed under § 1452(a) as well").

"The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). Accordingly, the court must balance the desire to deter removals sought for improper purposes with a defendant's right to remove when the statutory criteria are satisfied. *Id.* Thus, the court may award costs and expenses where "the removing party lacked an objectively reasonable basis for

seeking removal." *Id.* at 141. The court may award costs and expenses even where the defendant does not seek removal in bad faith. *Miller v. Baker*, No. 5:09cv00094, 2010 WL 3585423, at *1 (W.D. Va. 2010) (citing *In re Lowe*, 102 F.3d 731, 733 n.2 (4th Cir. 1996)). Furthermore, a defendant's pro se status does not prevent the court from awarding costs and expenses. *Id.* (citing *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 915-16 (6th Cir. 2007)).

Vecchione attempted to remove two prior actions from Durham County Superior Court to this court under the general removal statute. Although he is without counsel and, presumably, without the benefit of legal training, the orders disposing of each of those cases clearly explained that actions in Durham County Superior Court may not be removed under that statute to this court because it lies in the Eastern District of North Carolina. (*See* 3 Nov. 2009 Order (D.E. 4), No. 5:09-CV-202-BO; 12 Feb. 2009 Order (D.E. 6) 1, No. 5:09-CV-13-FL). In the instant case, he attempted removal under a different statute, a bankruptcy removal statute, 28 U.S.C. § 1452.

The initial bankruptcy court proceeding he brought in this district had already been dismissed by the time of his attempted removal of the instant action on the explicit grounds that the bankruptcy court of this district lacked jurisdiction because he and the property he was attempting to protect were located in Durham County. Nevertheless, that case was not a removed action; was before the bankruptcy court for this district, not this court; and was disposed of under a different statute, 28 U.S.C. § 1408, than the remand statute at issue in this case.

Under the unique circumstances, including the procedural complexities involved, it will be recommended that costs and expenses not be awarded. **However, any further attempts by Vecchione to improperly remove proceedings in Durham County to either this court or the**

**bankruptcy court for this district would clearly subject him to the imposition of costs and expenses, including attorney fees, and other applicable sanctions to the fullest extent provided by law.**

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that the court enter an order providing as follows:

1. This action is REMANDED to Superior Court of Durham County, pursuant to the court's frivolity review under 28 U.S.C. § 1915(e)(2)(B);

2. The request for remand in Wells Fargo's motion to remand (D.E.6) is DENIED AS MOOT; and

3. The request for costs and expenses in Wells Fargo's motion to remand is DENIED on the merits.

IT IS ORDERED that the Clerk shall send copies of this Memorandum and Recommendation to the respective parties or, if represented, their counsel, who have 14 days, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 6th day of August 2012.

_____
James E. Gates
United States Magistrate Judge